Dear Mr. Davis:
This office is in receipt of your opinion request under letter dated June 18, 1992. The inquiry has been assigned to me for research and reply.
You state in your letter that the Clerk of Court, as parish custodian of the voting machines, has refused to deliver the machines to the building designated by the police jury as polling place because the building "is not a public building". You state three inquiries: (1) is the building public or private; (2) who determines the voting place, and (3) who determines if a building is suitable or not to vote in.
Whether the building in question is public or private is a factual determination best left for judicial review. For purposes of our response, a conclusion in this regard is not determinative of the issue at hand. The Police Jury of Red River Parish, as governing authority, is the only official body vested with the authority to establish the polling place for each precinct. The Election Code provides that the polling place shall be located in a suitable public building, but may be located on private property should a public building be unavailable. LSA-R.S. 18:533 provides, in pertinent part:
 "A. Establishment. The governing authority of each parish shall establish one polling place for each precinct. . . .
 B. Location. (1) Except as otherwise provided in this Subsection, the polling place for a precinct shall be located in the precinct in a suitable public building. . . . If no public building is available, then a precinct may be located on private property.
 The parish governing authority shall inform the commissioner of elections as to whether the parish polling places are located in public buildings or on private property". (Emphasis added).
The clerk of court, as parish custodian of the voting machines, is under a statutory duty to deliver the machines to the designated polling places. LSA-R.S. 18:1354(B)(5) provides, in part:
 "In addition to any other duties vested in him by law, the parish custodian shall . . . be responsible for the trucking and delivery of the machines to the polling places." (Emphasis added).
It is the opinion of this office that the Police Jury of Red River Parish is vested with the discretion to determine the appropriate polling places. The Clerk of Court of Red River Parish is charged with the statutory duty to deliver the voting machines to the polling places designated by the police jury, and his refusal to do so is in derogation of the mandatory language of the statute.
Should you have further questions regarding this matter, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0097E